# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANAYA,<br><br>Plaintiff,<br><br>v.<br><br>VAN VUGT, et. al.,<br><br>Defendants. | Case No. 1:16-cv-01094-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>**(Doc. 16)** |

Plaintiff, Peter Anaya, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 5, 2017, Plaintiff filed a motion seeking injunctive relief to prohibit four correctional officers and "the Administrative Office" from accessing and changing his mental health records. (Doc. 16.)

As an initial matter, and as stated in the recently issued screening order, Plaintiff has not stated a cognizable claim upon which relief may be granted. Thus, there is no actual case or controversy before the Court at this time and the Court lacks the jurisdiction to issue the order Plaintiff seeks. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A)). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Further, requests for prospective relief are limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least

1

intrusive means necessary to correct the violation of the Federal Right."

Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969. The Court cannot order prison personnel in general to engage in, or refrain from specific acts.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. Even assuming Plaintiff's allegations are serious and he is entitled to relief if sought in the proper forum, the seriousness of Plaintiff's accusations concerning the accuracy of information in his mental health records cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1]

The claims which Plaintiff asserts in this action also arise from events that allegedly occurred at Substance Abuse Treatment Facility ("SATF") in Corcoran, California. However, following the filing of this action, Plaintiff was transferred and is currently housed at the California State Prison in Corcoran, California ("CSP-Cor"). Plaintiff thus lacks standing in this action to seek relief directed at remedying his current conditions of confinement at CSP-Cor. To the extent his motion seeks relief to remedy past conditions of confinement for the time he was at SATF, it was rendered moot on his transfer to CSP-Cor. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Thus, Plaintiff's motion for a preliminary injunction must be denied. However, given the seriousness of Plaintiff's allegations, the Wardens and Litigation Office at both facilities, SATF & CSP-Cor, are requested

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008). However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

to look into the issue and ensure that custody staff are not placing inaccurate information in Plaintiff's mental health records.

Accordingly, it is **HEREBY ORDERED** that Plaintiff's motion for injunctive relief, filed on June 5, 2017, Doc. 16), is **DENIED** as moot and for lack of jurisdiction, and the Clerk of the Court is directed to forward a copy of this order and Plaintiff's motion to the Warden's office and to Litigation Coordinator at SATF and at CSP-Cor, so as to inform them of Plaintiff's concerns.

IT IS SO ORDERED.

Dated: **June 6, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE