# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANAYA,<br><br>        Plaintiff,<br><br>v.<br><br>VAN VUGT, et al.,<br><br>        Defendants. | No. 1:16-cv-01094-SKO (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE AS MALICIOUS UNDER 28 U.S.C. § 1915**<br><br>**(Doc. 30)**<br><br>**ORDER FOR CLERK TO TERMINATE ALL PENDING MOTIONS, CLOSE CASE, AND ENTER JUDGMENT**<br><br>**(Docs. 19, 21, 23-25, 31)** |

## INTRODUCTION

### A. Background

Plaintiff, Peter Anaya, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is dismissed since it raises claims duplicative to those previously pursued by Plaintiff in another action.

### B. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

### A. Plaintiff's Allegations

Plaintiff is a California Department of Corrections and Rehabilitation ("CDCR") prisoner, currently incarcerated at California State Prison in Corcoran, California ("CSP-Cor"). Plaintiff seeks monetary and injunctive relief for acts that allegedly occurred when he was housed at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. Plaintiff names Warden Stu Sherman, Captain M. Denning, and Officers Bott, C. Wickert, and J. McNary as defendants in Plaintiff's Third Amended Complaint.

Plaintiff alleges that Warden Sherman accessed Plaintiff's confidential mental health records from when he was held at Los Angeles County Jail and disseminated them to all of the officers and inmates in the CDCR. Plaintiff alleges that Warden Sherman did this via written announcements and the public address loud-speaker system which amounted to defamation, slander, and liable. Plaintiff alleges that Warden Sherman shared the information from Plaintiff's jail mental health records with the four other named defendants which they shared with every officer/employee and inmate in the CDCR. Plaintiff alleges that the Defendants falsely added information to his records indicating that Plaintiff was sexually abused as a child and that, as an adult, Plaintiff abused a child. As a result, Plaintiff alleges he has been called derogatory names, harassed, and threatened with violence by all CDCR officers and prison inmates. Plaintiff alleges these circumstances have also resulted in contamination of his food and beverages with feces and urine. Finally, Plaintiff alleges Officers Wickert and McNary, along with Warden Sherman, went to his girlfriend's house in Los Angeles and asked her numerous questions about whether Plaintiff was a victim of sex crimes. (*Id.*, pp. 9, 13.)

Before filing this action, Plaintiff raised claims on the above factual allegations, except those regarding contact with his girlfriend, in another case in this Court, *Anaya v. CDCR*, 1:16-

2

cv-00040-MJS ("*Anaya I*").[1] The only allegations not previously raised by Plaintiff concern Defendants' contact with Plaintiff's girlfriend. However, Plaintiff cannot proceed on the allegations regarding contact with his girlfriend as he is not a lawyer and cannot assert claims on her behalf.[2] *See*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, dismissal is appropriate and leave to amend need not be granted as the defects in Plaintiff's pleading cannot be corrected through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

### B. Duplicity of Actions

This action is subject to dismissal under 28 U.S.C. § 1915 since, it is virtually identical to *Anaya I*. *See Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995) (affirming that duplicative litigation is "an independent ground for dismissal"); *see also Adams v. California*, 487 F.3d 684, 692-93 (9th Cir.2007) (dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive disposition of litigation" finding that a plaintiff is required to bring all claims that relate to the same transaction or event at one time), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008).

In *Anaya I*, Plaintiff alleged that various CDCR personnel accessed his mental health records dating back to 2001, and added false information, thereby causing the appearance that Plaintiff was sexually abused a child and was a victim of sexual abuse. (*Anaya I*, Doc. 129.) This information was disseminated to all CDCR staff and inmates. (*Id.*) Plaintiff alleged that those actions constituted libel, slander, and defamation which resulted in other inmates and custodial staff harassing and threatening Plaintiff, obstructing his access to the courts, failing to process Plaintiff's grievances, contaminating his food with feces and urine, and censoring Plaintiff's mail. (*Id.*) *Anaya I* was dismissed with prejudice for Plaintiff's failure to state a claim

---

[1] Plaintiff initially filed *Anaya I*, on August 13, 2015 in the Sacramento division of this court. It was transferred to the Fresno division, on January 12, 2016. (*See Anaya I*, Docs. 1, 93.)

[2] Plaintiff's girlfriend is not prohibited from bringing an action on her own behalf if she feels her rights were violated.

which constitutes a final judgment on the merits. *Headwaters*, 399 F.3d at 1052 (a Rule 41(b) dismissal with prejudice in federal court bars refiling of the same claim in the same district court) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001)). Further, in Plaintiff's Seventh Amended Complaint filed in *Anaya I* on October 7, 2016 -- three months after Plaintiff initiated this action -- Plaintiff contended that the alleged incidents occurred "during the whole past year 2015 through 2016 and ongoing." (*Anaya I*, Doc. 127, p. 3.) Thus, Plaintiff's allegations in *Anaya I* cover the same time-frame as the events alleged in the present action, thereby precluding all claims regarding those same events. *Contra, Howard v. City of Coos Bay,* --- F.3d --- 2017 WL 4228672 (9th Cir. Sept. 25, 2017)) (claim preclusion does not apply to claims that are identical in nature, but accrue after the filing of the operative complaint).

"There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims.'" *Cato v. U.S.*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)); *see also Denton v. Hernandez*, 504 U.S. 25, 30, 112 S.Ct. 1728, 1733 (1992) (recognizing Congress' concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted). Additionally, filing multiple complaints for the same alleged conduct is an abusive litigation tactic that wastes the Court's resources and may justify sanctions or designation as a vexatious litigant.

Thus, Plaintiff is barred from bringing claims based on allegations he previously pursued in *Anaya I* based on allegations that, from 2001 through October 7, 2016, while housed at SATF, prison staff illegally accessed Plaintiff's mental health records, entered false information regarding child sexual abuse, and distributed the falsely modified records to CDCR staff and inmates.

/ / /

/ / /

/ /

/ /

4

# **ORDER**

For the reasons discussed above, the Court finds this is a malicious action under 28 U.S.C. § 1915 and duplicative of allegations and claims previously raised by Plaintiff in *Anaya I*.

Accordingly, it is **HEREBY ORDERED** that:

1. This action is **DISMISSED with prejudice**; and
2. The Clerk of the Court shall terminate all pending motions, close the case, and enter judgment.

IT IS SO ORDERED.

Dated: __**October 17, 2017**__ /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE